THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN LARISON, PLAINTIFF IN ERROR.

Argued May 21, 1946—Decided September 12, 1946.

For the plaintiff in error, *Edward R. McGlynn* (*William A. Dolan,* of counsel).

For the defendant in error, *Saul N. Schechter.*

The opinion of the court was delivered by

WACHENFELD, J.   In November, 1944, the Board of Elections of the Township of Blairstown, Warren County, consisted of John Larison, Gerald E. Christian, Elsa Becker and Dayton Brugler.

At the election on November 7th, there was a contest for the office of Township Committeeman, William M. Cornwell and O. S. Everitt both seeking that office.

At the close of the polls the election board counted the ballots and certified to the county clerk that Everitt had received 328 votes and Cornwell, 327 votes.

Thereafter, Gerald E. Christian, a member of the election board, made various disclosures in which he alleged that there were certain irregularities in the counting of the ballots, and he made and executed two affidavits to that effect.   A recount was thereupon ordered by the Warren County Court of Common Pleas, which resulted in Cornwell's receiving 367 votes

and Everitt, 291 votes. An investigation ensued, resulting in the plaintiff in error's being indicted by the grand jury, and upon trial he was convicted.

The plaintiff in error contends that the indictment was defective and should have been quashed; that the court erred in admitting *Exhibit S-2*, the oath of election officers; *Exhibit S-4*, a certificate by the County Board of Elections showing the result of the recount made by it; *Exhibit S-5*, the tally sheet of the County Board of Elections directing a recount; and *Exhibit S-6*, an order of the Common Pleas Judge revoking the certificate of election of Everitt and directing a certificate issued to Cornwell. The plaintiff in error also contends that the verdict was against the weight of the evidence.

(1) The charge in the indictment is clear and precise and follows the statutory language. It fully informs the defendant of the charge made against him and sufficiently identifies the occasion so as to enable the defendant to prepare his defense.

The indictment presents with reasonable certainty all of the facts necessary to render the offense judicially apparent and should not be quashed. *Haase* v. *State*, 53 *N. J. L.* 34; *Minochian* v. *Paterson*, 105 *Id.* 73; *affirmed*, 106 *Id.* 436.

(2) The admission of *Exhibit S-2*, the oath of the members of the election board, is the next point relied upon. The plaintiff in error admitted on his direct examination that he was acting as a member of the election board during the entire day in question and officiated in the capacity of the judge of elections. Whether or not he took an oath and the question whether it was administered to him were wholly immaterial. The plaintiff in error suffered no manifest wrong or injury by admission of *Exhibit S-2*.

(3) In proving that the plaintiff in error misread the ballots in the presence of the board, the prosecution submitted certain evidence showing that a recount by the county board differed from the original count by the board of which the plaintiff in error was a member. The documents admitted were certificates by the two boards, *Exhibit S-3*, a statement by the District Board showing the results before the recount, and *Exhibit S-4*, a statement showing the results after the

recount; tally sheets of both boards, *Exhibit S-5;* and an order of the Common Pleas Judge revoking the certificate of election of Everitt and directing a certificate issued to Cornwell, *Exhibit S-6.*

The plaintiff in error was present at the time the recount was made, heard the board announce the results, and admitted that Cornwell was the winner by over fifty votes. The admission of *Exhibit S-4,* a certificate of the County Board of Elections showing the results of the recount, a fact which was not disputed, cannot be said to have been harmful or prejudicial. Official returns or canvass, when duly certified, are *prima facie* evidence that the result is as declared, but the same are not conclusive and the ballots are receivable in evidence for the purpose of controverting the official count. *Hartman* v. *Young,* 17 *Ore.* 150; 20 *Pac. Rep.* 17; 4 *Wigm. Ev. (3d ed.),* § 1351.

(4) This applies also to *Exhibit S-5,* the tally sheets of the County Board of Elections, plus the fact that it has already been judicially declared that tally sheets are admissible in evidence. *State* v. *Monia,* 132 *N. J. L.* 91; *State* v. *Tulenko,* 23 *N. J. Mis. R.* 249; *affirmed,* 133 *N. J. L.* 385.

(5) As to *Exhibit S-6,* there is no contention that the results of the recount were incorrect, nor was there any attempt made to introduce into evidence the actual ballots in order to prove a result different from that shown by the documents introduced by the prosecution. The admission of those documents being proper, and since the facts contained therein are not contested by the plaintiff in error by any evidence, the facts of the election result will be taken as conclusive. There being no dispute as to the election results on recount, it is difficult to see how an order signed by a court of competent jurisdiction certifying that fact constitutes harmful error.

(6) A careful perusal of all the testimony indicates that the verdict was not the result of a mistake, passion or prejudice and, therefore, should not be set aside. The testimony of Mr. Christian, coupled with the admitted results of the recount, was quite convincing.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, DONGES, HEHER, PERSKIE, WACHENFELD, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 10.

*For reversal*—THE CHIEF JUSTICE, BODINE, RAFFERTY, JJ. 3.